# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HEATHER J.E.L. BENEDICT, | No. 54483-1-II |
| Appellant, | |
| v. | |
| KITSAP BANK, a Washington State chartered bank; and F. HUNTER MACDONALD, an individual, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, J. — Heather Benedict appeals a trial court order imposing $5,000 in sanctions under CR 11. Benedict argues she was denied due process because she was unaware that sanctions would be imposed. We affirm the trial court's imposition of CR 11 sanctions.

## FACTS

Benedict has been involved in multiple lawsuits involving her deceased mother's estate.[1]

Trial courts have repeatedly imposed CR 11 sanctions against Benedict for frivolous filings.

In 2019, Benedict filed a defamation complaint against her deceased mother's former bank, Kitsap Bank, and her father's attorney, F. Hunter MacDonald. The trial court granted both

---

[1] *See In re Estate of Mickelson*, No 80893-1-I (Wash. Ct. App. Apr. 19, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/808931.pdf; *Mickelson v. McArthur*, No. 52485-6-II (Wash. Ct. App. Jun. 9, 2020) (unpublished), https://www.courts.wa.gov/opinions/, *review denied*, 196 Wn.2d 1019 (2020); *In re Estate of Mickelson*, No. 76955-3-I (Wash. Ct. App. Sept. 24, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/769553.pdf; and *In re Estate of Mickelson*, No. 49056-1-II (Wash. Ct. App. Oct. 24, 2017) (unpublished), https://www.courts.wa.gov/opinions/.

defendants' motions to dismiss. The court found that the matter was "part of [Benedict's] vexatious pattern of litigation activities." Clerk's Papers (CP) at 142.

MacDonald requested attorney fees as sanctions under CR 11. The trial court granted his motion because "there was [no] good-faith basis in law or in fact for [] Benedict's claims." Report of Proceedings (RP) (July 24, 2020) at 36. In its August 21, 2020 written order, the court concluded, "CR 11 sanctions shall issue against Benedict because CR 11 sanctions are appropriate when a complaint lacks a factual or legal basis and the person signing the complaint fails to conduct a reasonable inquiry into the factual and legal basis of the claim(s)." CP at 123-24.

In its follow up order on October 9, the court ordered Benedict to pay $8,825 to MacDonald as sanctions for his attorney fees and $5,000 to the court as sanctions for its costs. The court found that Benedict was "a serial offender of CR 11" so additional terms, besides MacDonald's attorney fees, needed to be imposed to deter future abuse. CP at 149.

Benedict appeals.

ANALYSIS

Benedict contends that the trial court violated her due process rights by imposing $5,000 in CR 11 sanctions without warning.[2] But she fails to provide any citation to legal authority to support her argument. Under RAP 10.3(a)(6), we may decline to consider "bald assertions" that fail to reference any legal authority. *Brummet v. Wash.'s Lottery*, 171 Wn. App. 664, 681, 288 P.3d 48 (2012). Because Benedict fails to provide any legal authority to support her argument, we decline to address it. Nevertheless, we note that multiple trial courts have imposed sanctions

---

[2] Benedict timely appealed the trial court's partial order dismissing her claims against Kitsap Bank and the court's final order dismissing all of Benedict's claims and ordering sanctions. Her assignments of error focus solely on the court's imposition of sanctions. Kitsap Bank requests that we dismiss it from this appeal because there are no issues that relate to Kitsap Bank on appeal. We grant its request.

against Benedict in her continued litigation regarding her deceased mother's estate. Therefore, her argument that she was without notice that the trial court could impose sanctions is disingenuous.[3]

Benedict requests attorney fees and costs on appeal in her reply brief. Because her request does not comply with RAP 18.1(b) and because she is not the prevailing party as referenced in RAP 14.2, her request is denied.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Glasgow, C.J.

---

[3] In addition, we note that our record does not contain a transcript of the report of proceedings where the trial court addressed the amount of sanctions. The appellant has the burden to provide a sufficient record to review the issues raised on appeal. *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 345, 760 P.2d 368 (1988); RAP 9.6(a).